STATE OF WEST- VIRGINIA *v.* W. W. SMITH

(No. 7063)

Submitted May 3, 1932.   Decided May 17, 1932.

*H. W. Houston* and *Lillian S. Robertson,* for plaintiff in error.

*H. B. Lee,* Attorney General, and *W. Elliott Nefflen,* Assistant Attorney General, for defendant in error.

HATCHER, PRESIDENT:

W. W. Smith seeks reversal of a conviction for owning, operating, maintaining, possessing and having an interest in a moonshine still.

Two grounds for reversal are now pressed—insufficiency of evidence and after-discovered evidence.

(1) The following facts are undisputed: Smith resides in Charleston where he operates a pool room and he owns a farm in Roane County; a constable and posse, armed with a search warrant, went to the farm one afternoon in June, 1930; they found Quincy Nichols and James Edens on the porch of the farmhouse, Smith picking berries about 125 yards from the house, and in a smokehouse some twenty feet from the house a still in full operation, several barrels of mash and about two hundred pounds of sugar. Smith claimed ownership of the mash barrels and some pans used about the operation of the still, but denied any knowledge of or interest whatsoever in the still, stating that he had leased and surrendered all control over his farm to Olen Moore. It transpired, however, that while Moore may have controlled the farm lands, Smith and his friends occupied the farmhouse at his pleasure, and that Moore did not have the key to the lock on the smokehouse. The state showed (a) by Nichols (a most reluctant witness), that prior to the search he had hauled (in an automobile) to the farm from Charleston, for Smith, flour, feed, chop, some sugar and a box two or three by one and one-half feet in dimensions (approximating the size of the boiler used in the still in

question); (b) by Edens, that he had worked some for Smith in his pool room; that a day or so before the search he had gone with Smith and Nichols in a car from Charleston to the farm; that Smith had in the car two hundred pounds of sugar and a box which contained the boiler for the still; that Smith bought the boiler in his presence at the Brawley Hardware Store in Charleston (giving a check for it); and that the still belonged to Smith and was being operated for him by Nichols; (c) by J. B. Temple, a clerk in the Brawley store, that a man named Smith purchased a boiler as detailed by Edens; (d) by Roma Davis, that he passed the Smith farm about ten or eleven o'clock A. M. of the day the still was discovered; that he saw Smith and Edens sitting on the porch of the farmhouse, saw Nichols come out of the smokehouse, and heard Smith say, "Quincy, I can smell that stuff to the upper end of the bottom"; (e) and by the officers, that when they first observed the house they saw Smith and Edens on the porch; that afterwhile Smith went to pick berries; that they came to the house then, and had Nichols call Smith; that when he arrived, the constable informed him of the search warrant, and he at once exclaimed "pon my honor, boys, it is not mine"; and that this exclamation was made before the search had begun or the still discovered. Accordingly, we are of opinion that the evidence presented by the state amply supports the verdict.

(2) The second ground for reversal is newly-discovered evidence that Edens (alone) had procured transportation for himself and a still to the farm just prior to the search; and newly-discovered evidence contradicting Edens and Temple about the manner in which defendant's check, used in purchasing the boiler, was made and accepted, and tending to show that Edens made the purchase. Several of Smith's witnesses at the trial testified that Edens had admitted—in fact alomst proclaimed—his ownership of the still. The effect of the after-discovered evidence is to impeach Edens and is merely cumulative. This is not sufficient. A new trial will not be granted because of after-discovered evidence unless it is new (as opposed to cumulative) and of such

quality as should produce an opposite result at the new trial. *State* v. *Lemon*, 84 W. Va. 25, 99 S. E. 263. Whether Smith or Edens actually purchased and owned the still should have no effect on the verdict. It is too illogical to consider that Smith should permit a moonshine still to be set up in his smokehouse, purchase in large quantities and have transported to the farm the very ingredients used in distillation, permit the use of his barrels and pans in the operation, leave his business in Charleston and spend the day knowingly in close proximity to the still—and yet not be a principal in its operation and maintenance. Maintenance and operation of a still are just as violative of the statute as ownership.

The judgment of the circuit court is affirmed.

*Affirmed.*